JUDGE BAER

**07 CV 3118**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X   Civil Action No. _____
ELIZABETH KNIGHT-MOSS,

                Plaintiff,

   -against-   **NOTICE OF REMOVAL**

CAESARS ENTERTAINMENT, INC., HILTON
HOTELS CORPORATION d/b/a LAS VEGAS
HILTON and REGIS CORPORATION,

                Defendants.
-----------------------------------------------------------X

APR 18 2007
U.S.D.C. S.D. N.Y.
CASHIERS

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

    Defendant REGIS CORPORATION, by and through its attorneys, Sedgwick, Detert, Moran & Arnold, LLP, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby files this Notice of Removal of this civil action from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York. The grounds for removal are as follows:

    1.    On or about March 2, 2007, an action was commenced against Defendants CAESARS ENTERTAINMENT, INC. ("Caesars Entertainment"), HILTON HOTELS CORPORATION d/b/a LAS VEGAS HILTON ("Hilton Hotels") and REGIS CORPORATION ("Regis Corp.") in the Supreme Court of the State of New York, New York County, by Plaintiff ELIZABETH KNIGHT-MOSS ("Plaintiff"). The suit is identified in the Supreme Court of the State of New York as *Elizabeth Knight-Moss against Caesars Entertainment, Inc., Hilton Hotels Corporation d/b/a Las Vegas Hilton and Regis Corporation*, Index No. 102961/07.

2. Defendant Regis Corp. was served with a copy of the Summons and Verified Complaint, Index No. 102961/07 (attached hereto as "**Exhibit A**") on or about March 21, 2007. The filing of this Notice of Removal is therefore timely because it is made within thirty (30) days of March 21, 2007 – the date Regis Corp. first received notice that this action became removable on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441(a).

3. Upon information and belief, Plaintiff is now and was at the time of the filing of her Verified Complaint a citizen of the State of New Jersey. Plaintiff's address at the time of the alleged incident described in the Verified Complaint was 1015 Washington St. #37, Hoboken, New Jersey, 07030. However, her current address is unknown to Defendant Regis Corp. at this time. Consequently, under Rule 81.1(a), Local Rules of the United States District Court for the Southern District of New York, Plaintiff is required to file in the office of the Clerk of this Court a statement containing this information within twenty (20) days of the filing of this Notice of Removal.

4. Defendant Regis Corp. is now and was at the time of the filing of the Verified Complaint a Minnesota corporation with its principal place of business in Minnesota. Thus, Regis Corp. should be deemed a citizen of Minnesota for the purposes of this Notice of Removal.

5. Upon information and belief, Defendant Caesars Entertainment is now and was at the time of the filing of the Verified Complaint a Delaware corporation with its principal place of business in Nevada. Thus, Caesars Entertainment should be deemed a citizen of Delaware and Nevada for the purposes of this Notice of Removal.

6. Upon information and belief, Defendant Hilton Hotels is now and was at the time of the filing of the Verified Complaint a Delaware corporation with its principal place of business in California. Thus, Hilton Hotels should be deemed a citizen of Delaware and California for the purposes of this Notice of Removal.

7. None of the parties in interest properly joined and served as Defendants are citizens of the State of New York.

8. Counsel for Regis Corp. has reviewed the docket of the state court from which this action has been removed and has determined, based on the lack of any return of service or responsive pleading documents related to the other Defendants, that none of the other Defendants have been served.[1] Consequently, because neither Caesars Entertainment nor Hilton Hotels have been served with a copy of the initial pleading in this action, their consent to removal is not required. *See Anglada v. Roman*, 2006 WL 3627758, *2 (S.D. N.Y. 2006).

9. This is a civil action and, upon information and belief, Plaintiff seeks damages in excess of $75,000.00, exclusive of interest and costs.

10. Accordingly, the above-referenced action between Plaintiff and Defendants is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court by Defendant Regis Corp. pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1446, in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

---

[1] Counsel for Regis Corp. has also unsuccessfully attempted to contact Plaintiff's counsel to confirm that he has not obtained service on the other Defendants.

11.  Pursuant to Rule 81.1(b), Local Rules of the United States District Court for the Southern District of New York, Defendant Regis Corp. will file with the Clerk of this Court, within twenty (20) days after filing this Notice of Removal, a copy of all records and proceedings in the state court from which this case is removed.

12.  Pursuant to 28 U.S.C. § 1446(d), Defendant Regis Corp. has served a copy of this Notice upon counsel for Plaintiff and has filed a copy of this Notice with the Clerk of the Supreme Court for the State of New York, New York County.

**WHEREFORE**, Petitioner Regis Corp., a Defendant in this action described herein currently pending in the Supreme Court of the State of New York, New York County, Index No. 102961/07, prays that this action be removed therefrom to this Honorable Court.

Dated: New York, New York
       April 18, 2007

Yours, etc.

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____
Scott L. Haworth (SH 5890)
Attorneys for Defendant Regis Corporation
125 Broad Street - 39th Floor
New York, New York 10004-2400
Ph: (212) 422-0202

TO:  James J. Brady, Esq.
     Law Offices of James J. Brady
     Attorney for Plaintiff
     333 Glen Head Road, Suite 260
     Old Brookville, New York 11545
     Ph: (516) 674-8686

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------X
ELIZABETH KNIGHT-MOSS,

          Plaintiff,

  -against-

CAESARS ENTERTAINMENT, INC., HILTON
HOTELS CORPORATION d/b/a LAS VEGAS
HILTON and REGIS CORPORATION,

          Defendants.
-----------------------------------------------------------X

Index # 102961/07
Date Purchased 3-2-07

Plaintiff(s) designates
New York County as the place of trial

Basis of the venue is Defendants Transacts
Business within the State of New York

**SUMMONS WITH NOTICE**

Plaintiff(s) reside at

County of

TO THE ABOVE NAMED DEFENDANT:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

DATED:      Old Brookville, NY
                March 1, 2007

Defendant address(es):

CAESARS ENTERTAINMENT, INC.
3930 HOWARD HUGHES PARKWAY
LAS VEGAS, NEVADA 89109

HILTON HOTELS CORPORATION
d/b/a LAS VEGAS HILTON
3000 PARADISE ROAD
LAS VEGAS, NEVADA 89109

REGIS CORPORATION
7201 METRO BOULEVARD
MINNEAPOLIS, MINNESOTA 55439

LAW OFFICES OF
JAMES J. BRADY
Attorney for Plaintiff(s)
ELIZABETH KNIGHT-MOSS
333 Glen Head Road, Suite 260
Old Brookville, NY 11545
(516)674-8686

BY: JAMES J. BRADY

NEW YORK
COUNTY CLERK'S OFFICE

MAR - 2 2007

NOT COMPARED
WITH COPY FILED

Notice: The nature of this action is as follows:
The relief sought is as follows:

UPON YOUR FAILURE TO APPEAR:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------X
ELIZABETH KNIGHT-MOSS,

          Plaintiff,

-against-

CAESARS ENTERTAINMENT, INC., HILTON
HOTELS CORPORATION d/b/a LAS VEGAS
HILTON and REGIS CORPORATION,

          Defendants.
-----------------------------------------------------------X

INDEX #: 102961/07

VERIFIED COMPLAINT

Plaintiff, as and for her Verified Complaint, alleges upon information and belief:

**FIRST:** That at all times herein mentioned, CAESARS ENTERTAINMENT, INC., was a domestic corporation duly organized and existing under and by virtue of the Laws of the State of New York.

**SECOND:** That at all times herein mentioned, the defendant, CAESARS ENTERTAINMENT, INC., was a foreign corporation duly organized and existing under and by virtue of the Laws of a State other than New York, and authorized to do business and/or doing business in the State of New York.

**THIRD:** That at all times herein mentioned, the defendant, CAESARS ENTERTAINMENT, INC., or any of its agents transacts business within the State of New York and/or contracts to supply services in the State of New York.

1

FOURTH:   That at all times herein mentioned, the defendant, CAESARS ENTERTAINMENT, INC., or any of its agents regularly does or solicits business and/or derives substantial revenue from services rendered in the State of New York.

FIFTH:   That at all times herein mentioned, the defendant, CAESARS ENTERTAINMENT, INC., or any of its agents owns, uses or possesses real property situated within the State of New York.

SIXTH:   That on March 27, 2004, the defendant, CAESARS ENTERTAINMENT, INC., owned the premises located at and designated, 3000 Paradise Road, Las Vegas, Nevada.

SEVENTH:   That at all times herein mentioned, the defendant, CAESARS ENTERTAINMENT, INC., had a duty to maintain and control the aforesaid premises in a reasonably safe condition for patrons at the aforesaid premises.

EIGHTH:   That at all times herein mentioned, the defendant, CAESARS ENTERTAINMENT, INC., operated and managed hotels including the Law Vegas Hilton located at 3000 Paradise Road, Las Vegas, Nevada.

NINTH:   That at all times herein mentioned, HILTON HOTELS CORPORATION d/b/a LAS VEGAS HILTON, was a domestic corporation duly organized and existing under and by virtue of the Laws of the State of New York.

2

TENTH:    That at all times herein mentioned, the defendant, HILTON HOTELS CORPORATION d/b/a LAS VEGAS HILTON, was a foreign corporation duly organized and existing under and by virtue of the Laws of a State other than New York, and authorized to do business and/or doing business in the State of New York.

ELEVENTH:    That at all times herein mentioned, the defendant, HILTON HOTELS CORPORATION d/b/a LAS VEGAS HILTON, or any of its agents transacts business within the State of New York and/or contracts to supply services in the State of New York.

TWELFTH:    That at all times herein mentioned, the defendant, HILTON HOTELS CORPORATION d/b/a LAS VEGAS HILTON, or any of its agents regularly does or solicits business and/or derives substantial revenue from services rendered in the State of New York.

THIRTEENTH:    That at all times herein mentioned, the defendant, HILTON HOTELS CORPORATION d/b/a LAS VEGAS HILTON, or any of its agents owns, uses or possesses real property situated within the State of New York.

FOURTEENTH:    That on March 27, 2004, the defendant, HILTON HOTELS CORPORATION d/b/a LAS VEGAS HILTON, owned the premises located at and designated, 3000 Paradise Road, Las Vegas, Nevada.

FIFTEENTH: That at all times herein mentioned, the defendant, HILTON HOTELS CORPORATION d/b/a LAS VEGAS HILTON, had a duty to maintain and control the aforesaid premises in a reasonably safe condition for patrons at the aforesaid premises.

SIXTEENTH: That at all times herein mentioned, the defendant, HILTON HOTELS CORPORATION d/b/a LAW VEGAS HILTON, owned and operated a business under the trade name Las Vegas Hilton.

SEVENTEENTH: That at all times herein mentioned, the defendant, HILTON HOTELS CORPORATION d/b/a LAS VEGAS HILTON, operated and managed hotels including the Law Vegas Hilton located at 3000 Paradise Road, Las Vegas, Nevada.

EIGHTEENTH: That at all times herein mentioned, REGIS CORPORATION, was a domestic corporation duly organized and existing under and by virtue of the Laws of the State of New York.

NINETEENTH: That at all times herein mentioned, the defendant, REGIS CORPORATION, was a foreign corporation duly organized and existing under and by virtue of the Laws of a State other than New York, and authorized to do business and/or doing business in the State of New York.

TWENTIETH: That at all times herein mentioned, the defendant, REGIS CORPORATION, or any of its agents transacts business within the State of New York and/or

4

contracts to supply services in the State of New York.

TWENTY-FIRST: That at all times herein mentioned, the defendant, REGIS CORPORATION, or any of its agents regularly does or solicits business and/or derives substantial revenue from services rendered in the State of New York.

TWENTY-SECOND: That at all times herein mentioned, the defendant, REGIS CORPORATION, or any of its agents owns, uses or possesses real property situated within the State of New York.

TWENTY-THIRD: That on March 27, 2004, the defendant, REGIS CORPORATION, owned the premises located at and designated, 3000 Paradise Road, Las Vegas, Nevada.

TWENTY-FOURTH: That at all times herein mentioned, the defendant, REGIS CORPORATION, operated a spa salon at the Las Vegas Hilton located at 3000 Paradise Road, Las Vegas, Nevada under the trade name Regis Signature Salon.

TWENTY-FIFTH: That at all times herein mentioned, the defendant, REGIS CORPORATION, had a duty to maintain and control the Regis Signature Salon in a reasonably safe condition for persons using the spa/salon.

TWENTY-SIXTH: That on March 27, 2004, while the plaintiff, ELIZABETH

5

KNIGHT-MOSS, was a patron at the Regis Signature Salon in the Las Vegas Hilton, she was caused to trip and fall and be injured.

TWENTY-SEVENTH: That the foregoing occurrence was caused by the negligence of the defendants, in failing to maintain the aforesaid premises in a reasonably safe condition.

TWENTY-EIGHTH: That there was no fault or negligence on the part of the plaintiff.

TWENTY-NINTH: That as a result of the foregoing occurrence, the plaintiff was caused to be injured internally, externally, and permanently; she was obliged to seek medical care and attention; and she has been prevented from pursuing her usual activities, all to her damage in a sum which exceeds the jurisdictional limits of the lower Courts of the State of New York.

THIRTIETH: This action falls within one or more of the exceptions as set forth in CPLR 1602.

WHEREFORE, plaintiff, ELIZABETH KNIGHT-MOSS, demands judgment against the defendants in a sum which exceeds the jurisdictional limits of the lower Courts of the State of New York, together with the costs and disbursements of this action.

DATED:   Old Brookville, New York
         March 1, 2007

LAW OFFICES OF JAMES J. BRADY
Attorney for Plaintiff(s)
Office & P.O. Address
333 Glen Head Road, Suite 260
Old Brookville, NY 11545
(516)674-8686

BY: JAMES J. BRADY

## 2ATTORNEY'S VERIFICATION AFFIRMATION

STATE OF NEW YORK      :
                       SS.:
COUNTY OF NEW YORK     :

JAMES J. BRADY, being duly sworn, deposes and says:

That deponent is the attorney for the plaintiff(s) in the action within; that deponent has read the foregoing SUMMONS AND VERIFIED COMPLAINT and knows the contents thereof; that the same is true to deponent's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true and the reason that this verification is not made by plaintiff(s) and is made by deponent is that plaintiff(s) is/are not presently in the county where the attorneys for the plaintiff(s) have their office.

Deponent further says that the source of deponent's information and the grounds of deponent's belief as to all matters not stated upon deponent's knowledge are from investigations made on behalf of said plaintiff(s).

_____
JAMES J. BRADY

Index No. 102961/07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

ELIZABETH KNIGHT-MOSS,

        Plaintiff,

-against-

CAESARS ENTERTAINMENT, INC., HILTON
HOTELS CORPORATION d/b/a LAS VEGAS
HILTON and REGIS CORPORATION,

        Defendants.

------------------------------------X

---

### SUMMONS AND VERIFIED COMPLAINT

---

### LAW OFFICES OF JAMES J. BRADY
*Attorneys for Plaintiff(s)*
333 Glen Head Road, Suite 260
Old Brookville, NY 11545
(516)674-8686

---

TO:

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached **NOTICE OF REMOVAL** was served via regular mail on April 18, 2007, upon:

James J. Brady, Esq.
Law Offices of James J. Brady
Attorney for Plaintiff
333 Glen Head Road, Suite 260
Old Brookville, New York 11545
Ph: (516) 674-8686


Dated: April 18, 2007

_____
Scott L. Haworth (SH 5890)

NY/498389v1

---

NOTICE OF ENTRY

Sir:-Please take notice that the within is a (*certified*) true copy of a duly entered in the office of the clerk of the within named court on

Dated,

Yours, etc.,

SEDGWICK, DETERT, MORAN & ARNOLD LLP
*Attorney(s) for* Defendant

*Offices and Post Office Address*
125 BROAD STREET
NEW YORK, N.Y. 10004

To

Attorneys for

---

NOTICE OF SETTLEMENT

Sir:-Please take notice that an order of which the within is a true copy will be presented for settlement to the Hon.

one of the judges of the within named Court, at
on
at

Dated,

Yours, etc.,

SEDGWICK, DETERT, MORAN & ARNOLD LLP
*Attorney(s) for* Defendant

*Offices and Post Office Address*
125 BROAD STREET
NEW YORK, N.Y. 10004

To

Attorney(s) for

NY/498673v1

---

Civil Action No.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELIZABETH KNIGHT-MOSS,

Plaintiff,

- against -

CAESARS ENTERTAINMENT, INC., HILTON HOTELS CORPORATION d/b/a LAS VEGAS HILTON and REGIS CORPORATION,

Defendants.

---

NOTICE OF REMOVAL

---

SEDGWICK, DETERT, MORAN & ARNOLD LLP
*Attorney(s) for* Defendant
**REGIS CORPORATION**

*Offices and Post Office Address*
125 BROAD STREET
NEW YORK, N.Y. 10004
Tel. (212) 422-0202

To: Law Office of James J. Brady

*Attorney(s) for* Plaintiff

Dated,

Service of a copy of the within

is hereby admitted.

Attorney(s) for