UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ELIZABETH KNIGHT-MOSS,

                Plaintiff,

-against-

CAESARS ENTERTAINMENT, INC., HILTON
HOTELS CORPORATION d/b/a LAS VEGAS
HILTON and REGIS CORPORATION,

                Defendants.
-------------------------------------------------------X

Civil Action No. 07 CV 3118 (HB)

## DEFENDANT REGIS CORPORATION'S MOTION TO DISMISS VERIFIED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Pursuant to the *Erie* doctrine and Section 202, New York Civil Practice Law and Rules ("CPLR 202), Defendant Regis Corporation ("Regis Corp.") respectfully submits this Motion to Dismiss Verified Complaint and Incorporated Memorandum of Law and asks this Court to enter an Order dismissing Plaintiff's Verified Complaint in its entirety with prejudice for her failure to file her cause of action within the time prescribed by the applicable statute of limitations.

## INTRODUCTION

Plaintiff, a resident of the State of New Jersey, originally filed this negligence action in the Supreme Court of the State of New York on March 2, 2007. Plaintiff claims that Defendants were negligent in failing to maintain the premises at the Regis Signature Salon in Las Vegas, Nevada, in a reasonably safe condition. Verified Complaint at ¶ 27 (attached hereto as "**Exhibit A**"). Plaintiff further alleges that said negligence caused her to suffer serious and permanent injuries when she tripped and

fell in the salon on March 27, 2004. *Id.* at ¶¶ 26, 29.

Regis Corp. removed this action to this Court on April 18, 2007. However, pursuant to the *Erie* Doctrine, this Court should utilize New York State choice of law rules in evaluating Plaintiff's claim. Because Plaintiff is a non-resident and her cause of action accrued entirely in Nevada, New York law dictates that Nevada's statute of limitations controls the analysis of whether Plaintiff timely filed her cause of action. As such, Nevada's two-year statute of limitations for negligence actions bars Plaintiff's claim and, therefore, this Court should dismiss Plaintiff's untimely filed Verified Complaint.

## **LEGAL ARGUMENT**

Under the *Erie* doctrine, federal courts are required to apply state law to resolve substantive issues in actions where the court's jurisdiction is based on diversity. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817 (1938). To that end, a federal court sitting in diversity must apply the choice of law rules of the state in which it sits to determine which state's substantive law applies. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S. Ct. 1020 (1941); *In re Gaston & Snow*, 243 F.3d 599, 605-607 (2d Cir. 2001), cert. denied, 534 U.S. 1042 (2001) (forum state's choice of law rules apply unless significant federal policy implicated). As detailed in Regis Corp.'s removal papers, this Court has original jurisdiction over Plaintiff's cause of action pursuant to diversity of citizenship of the parties. Accordingly, New York's choice of law rules govern the determination of the applicable statute of limitations. *Guaranty Trust Co. v. York*, 326 U.S. 99, 110, 65 S. Ct. 1464 (1945) (when jurisdiction is based on diversity of citizenship, a federal court is obliged to apply a state statute of limitations).

New York's "borrowing statute," CPLR 202, provides as follows:

> An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

*Id.* In other words, if a cause of action arises in another state or country in favor of a non-resident, the shorter of the statutes of either the foreign jurisdiction or of this State is applicable. *See DeMartino v. Rivera*, 148 A.D.2d 568, 539 N.Y.S.2d 38 (2d Dep't 1989). The purpose and underlying policy of the borrowing statute is to prevent forum shopping by nonresident plaintiffs seeking a longer statute of limitations. *Rescildo by Rescildo v. R.H. Macy's*, 187 A.D.2d 112, 117, 594 N.Y.S.2d 139 (1st Dep't 1993).

Plaintiff, a non-resident of New York, alleges in her Verified Complaint that Defendants' negligence in maintaining the subject property – and her resulting injuries – occurred solely in Nevada. *See* Verified Complaint at ¶¶ 26, 27, 29. For the purposes of New York's borrowing statute, a cause of action sounding in negligence accrues in the state in which the injury occurs. *See Dugan v. Schering Corp.*, 86 N.Y.2d 857, 658 N.E.2d 1037, 635 N.Y.S.2d 164 (N.Y. 1995) (in personal injury actions, cause of action accrues where injury occurs); *Besser v. E.R. Squibb & Sons, Inc.*, 146 A.D.2d 107, 112, 539 N.Y.S.2d 734, n.3 (1st Dep't 1989) (same) (citations omitted), *aff'd*, 75 N.Y.2d 847, 552 N.E.2d 171, 552 N.Y.S.2d 923 (N.Y. 1990). Thus, under New York's borrowing statute, Nevada's statute of limitations will apply to Plaintiff's cause of action because her alleged injuries occurred entirely in Nevada.

Chapter 11.190, 4(e), Nevada Revised Statutes, requires that "actions to recover damages for injuries to a person or for the death of a person caused by the wrongful act

or neglect of another" must be commenced within two years. In Nevada, a cause of action accrues for the purpose of triggering the applicable statute of limitations when the wrong occurs and the party sustains injury for which relief could be sought. *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990). According to her Verified Complaint, Plaintiff was injured in Nevada as a result of Defendants' negligence on March 27, 2004. Verified Complaint at ¶¶ 26, 27, 29. Consequently, under Nevada law, the statute of limitations on Plaintiff's claim expired on March 27, 2006.

Because her cause of action accrued in Nevada, and because she is a non-resident of the State of New York, Plaintiff is bound by the Nevada statute of limitations pursuant to CPLR 202. However, Plaintiff waited until March 2, 2007, to file her lawsuit in this Court – almost a full year after her filing deadline. Plaintiff is clearly forum shopping in an attempt to avail herself of New York's three-year statute of limitations – exactly the type of tactic that New York's borrowing statute was designed to prevent. *Rescildo by Rescildo*, 187 A.D.2d at 117. Accordingly, this Court should apply New York's choice of law rules to Plaintiff's cause of action and dismiss Plaintiff's Verified Complaint in its entirety on the ground that the applicable two-year statute of limitations has expired on her claim.

## **CONCLUSION**

Plaintiff has failed to file her claim within the time period prescribed by the applicable two-year statute of limitations. Therefore, Defendant Regis Corporation respectfully submits this Motion to Dismiss Verified Complaint and Incorporated Memorandum of Law and asks the Court to enter an Order, pursuant to the *Erie* doctrine and Section 202, New York Civil Practice Law and Rules, dismissing Plaintiff's

Verified Complaint in its entirety with prejudice for her failure to file her cause of action within the time prescribed by the applicable statute of limitations, and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
April 19th, 2007

                          Yours, etc.

                          SEDGWICK, DETERT, MORAN & ARNOLD LLP

                          By: _____
                          Scott L. Haworth (SH 5890)
                          Attorneys for Defendant Regis Corporation
                          125 Broad Street - 39th Floor
                          New York, New York 10004-2400
                          Ph: (212) 422-0202

TO:   James J. Brady, Esq.
       Law Offices of James J. Brady
       Attorney for Plaintiff
       333 Glen Head Road, Suite 260
       Old Brookville, New York 11545
       Ph: (516) 674-8686

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
ELIZABETH KNIGHT-MOSS,

                Plaintiff,

-against-

CAESARS ENTERTAINMENT, INC., HILTON
HOTELS CORPORATION d/b/a LAS VEGAS
HILTON and REGIS CORPORATION,

                Defendants.
-------------------------------------------------------------X

INDEX #: 102961/07

VERIFIED COMPLAINT

Plaintiff, as and for her Verified Complaint, alleges upon information and belief:

**FIRST:** That at all times herein mentioned, CAESARS ENTERTAINMENT, INC., was a domestic corporation duly organized and existing under and by virtue of the Laws of the State of New York.

**SECOND:** That at all times herein mentioned, the defendant, CAESARS ENTERTAINMENT, INC., was a foreign corporation duly organized and existing under and by virtue of the Laws of a State other than New York, and authorized to do business and/or doing business in the State of New York.

**THIRD:** That at all times herein mentioned, the defendant, CAESARS ENTERTAINMENT, INC., or any of its agents transacts business within the State of New York and/or contracts to supply services in the State of New York.

1

FOURTH: That at all times herein mentioned, the defendant, CAESARS ENTERTAINMENT, INC., or any of its agents regularly does or solicits business and/or derives substantial revenue from services rendered in the State of New York.

FIFTH: That at all times herein mentioned, the defendant, CAESARS ENTERTAINMENT, INC., or any of its agents owns, uses or possesses real property situated within the State of New York.

SIXTH: That on March 27, 2004, the defendant, CAESARS ENTERTAINMENT, INC., owned the premises located at and designated, 3000 Paradise Road, Las Vegas, Nevada.

SEVENTH: That at all times herein mentioned, the defendant, CAESARS ENTERTAINMENT, INC., had a duty to maintain and control the aforesaid premises in a reasonably safe condition for patrons at the aforesaid premises.

EIGHTH: That at all times herein mentioned, the defendant, CAESARS ENTERTAINMENT, INC., operated and managed hotels including the Law Vegas Hilton located at 3000 Paradise Road, Las Vegas, Nevada.

NINTH: That at all times herein mentioned, HILTON HOTELS CORPORATION d/b/a LAS VEGAS HILTON, was a domestic corporation duly organized and existing under and by virtue of the Laws of the State of New York.

2

TENTH:         That at all times herein mentioned, the defendant, HILTON HOTELS CORPORATION d/b/a LAS VEGAS HILTON, was a foreign corporation duly organized and existing under and by virtue of the Laws of a State other than New York, and authorized to do business and/or doing business in the State of New York.

ELEVENTH:      That at all times herein mentioned, the defendant, HILTON HOTELS CORPORATION d/b/a LAS VEGAS HILTON, or any of its agents transacts business within the State of New York and/or contracts to supply services in the State of New York.

TWELFTH:       That at all times herein mentioned, the defendant, HILTON HOTELS CORPORATION d/b/a LAS VEGAS HILTON, or any of its agents regularly does or solicits business and/or derives substantial revenue from services rendered in the State of New York.

THIRTEENTH:    That at all times herein mentioned, the defendant, HILTON HOTELS CORPORATION d/b/a LAS VEGAS HILTON, or any of its agents owns, uses or possesses real property situated within the State of New York.

FOURTEENTH:    That on March 27, 2004, the defendant, HILTON HOTELS CORPORATION d/b/a LAS VEGAS HILTON, owned the premises located at and designated, 3000 Paradise Road, Las Vegas, Nevada.

3

FIFTEENTH: That at all times herein mentioned, the defendant, HILTON HOTELS CORPORATION d/b/a LAS VEGAS HILTON, had a duty to maintain and control the aforesaid premises in a reasonably safe condition for patrons at the aforesaid premises.

SIXTEENTH: That at all times herein mentioned, the defendant, HILTON HOTELS CORPORATION d/b/a LAW VEGAS HILTON, owned and operated a business under the trade name Las Vegas Hilton.

SEVENTEENTH: That at all times herein mentioned, the defendant, HILTON HOTELS CORPORATION d/b/a LAS VEGAS HILTON, operated and managed hotels including the Law Vegas Hilton located at 3000 Paradise Road, Las Vegas, Nevada.

EIGHTEENTH: That at all times herein mentioned, REGIS CORPORATION, was a domestic corporation duly organized and existing under and by virtue of the Laws of the State of New York.

NINETEENTH: That at all times herein mentioned, the defendant, REGIS CORPORATION, was a foreign corporation duly organized and existing under and by virtue of the Laws of a State other than New York, and authorized to do business and/or doing business in the State of New York.

TWENTIETH: That at all times herein mentioned, the defendant, REGIS CORPORATION, or any of its agents transacts business within the State of New York and/or

4

contracts to supply services in the State of New York.

**TWENTY-FIRST:** That at all times herein mentioned, the defendant, REGIS CORPORATION, or any of its agents regularly does or solicits business and/or derives substantial revenue from services rendered in the State of New York.

**TWENTY-SECOND:** That at all times herein mentioned, the defendant, REGIS CORPORATION, or any of its agents owns, uses or possesses real property situated within the State of New York.

**TWENTY-THIRD:** That on March 27, 2004, the defendant, REGIS CORPORATION, owned the premises located at and designated, 3000 Paradise Road, Las Vegas, Nevada.

**TWENTY-FOURTH:** That at all times herein mentioned, the defendant, REGIS CORPORATION, operated a spa salon at the Las Vegas Hilton located at 3000 Paradise Road, Las Vegas, Nevada under the trade name Regis Signature Salon.

**TWENTY-FIFTH:** That at all times herein mentioned, the defendant, REGIS CORPORATION, had a duty to maintain and control the Regis Signature Salon in a reasonably safe condition for persons using the spa/salon.

**TWENTY-SIXTH:** That on March 27, 2004, while the plaintiff, ELIZABETH

5

KNIGHT-MOSS, was a patron at the Regis Signature Salon in the Las Vegas Hilton, she was caused to trip and fall and be injured.

**TWENTY-SEVENTH:** That the foregoing occurrence was caused by the negligence of the defendants, in failing to maintain the aforesaid premises in a reasonably safe condition.

**TWENTY-EIGHTH:** That there was no fault or negligence on the part of the plaintiff.

**TWENTY-NINTH:** That as a result of the foregoing occurrence, the plaintiff was caused to be injured internally, externally, and permanently; she was obliged to seek medical care and attention; and she has been prevented from pursuing her usual activities, all to her damage in a sum which exceeds the jurisdictional limits of the lower Courts of the State of New York.

**THIRTIETH:** This action falls within one or more of the exceptions as set forth in CPLR 1602.

**WHEREFORE,** plaintiff, ELIZABETH KNIGHT-MOSS, demands judgment against the defendants in a sum which exceeds the jurisdictional limits of the lower Courts of the State of New York, together with the costs and disbursements of this action.

**DATED:** Old Brookville, New York
March 1, 2007

LAW OFFICES OF JAMES J. BRADY
Attorney for Plaintiff(s)
Office & P.O. Address
333 Glen Head Road, Suite 260
Old Brookville, NY 11545
(516)674-8686

BY: *James J. Brady*
    JAMES J. BRADY

7

## 2ATTORNEY'S VERIFICATION AFFIRMATION

STATE OF NEW YORK      :
                                              SS.:
COUNTY OF NEW YORK  :

JAMES J. BRADY, being duly sworn, deposes and says:

That deponent is the attorney for the plaintiff(s) in the action within; that deponent has read the foregoing SUMMONS AND VERIFIED COMPLAINT and knows the contents thereof; that the same is true to deponent's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true and the reason that this verification is not made by plaintiff(s) and is made by deponent is that plaintiff(s) is/are not presently in the county where the attorneys for the plaintiff(s) have their office.

Deponent further says that the source of deponent's information and the grounds of deponent's belief as to all matters not stated upon deponent's knowledge are from investigations made on behalf of said plaintiff(s).

_____
JAMES J. BRADY

Index No. 102961/07
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

ELIZABETH KNIGHT-MOSS,

        Plaintiff,

-against-

CAESARS ENTERTAINMENT, INC., HILTON
HOTELS CORPORATION d/b/a LAS VEGAS
HILTON and REGIS CORPORATION,

        Defendants.
------------------------------------X

---

## SUMMONS AND VERIFIED COMPLAINT

---

### LAW OFFICES OF JAMES J. BRADY
*Attorneys for Plaintiff(s)*
333 Glen Head Road, Suite 260
Old Brookville, NY 11545
(516)674-8686

---

TO:

## CERTIFICATE OF SERVICE

I, Jennifer Greenaway, hereby certify that a true and correct copy of the attached Motion to Dismiss Verified Complaint and Incorporated Memorandum of Law was served via regular mail on April 19th, 2007, upon:

James J. Brady, Esq.
Law Offices of James J. Brady
Attorney for Plaintiff
333 Glen Head Road, Suite 260
Old Brookville, New York 11545
Ph: (516) 674-8686

Dated: April 19th, 2007

*Jennifer Greenaway*
Jennifer Greenaway

NY/498731v3

Civil Action No. 07 CV 3118 (HB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELIZABETH KNIGHT-MOSS,

Plaintiff,

- against -

CAESARS ENTERTAINMENT, INC., HILTON HOTELS CORPORATION d/b/a LAS VEGAS HILTON and REGIS CORPORATION,

Defendants.

---

**DEFENDANT REGIS CORPORATION'S MOTION TO DISMISS VERIFIED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

---

SEDGWICK, DETERT, MORAN & ARNOLD LLP
*Attorney(s) for* Defendant
REGIS CORPORATION
*Offices and Post Office Address*
125 BROAD STREET
NEW YORK, N.Y. 10004
Tel. (212) 422-0202

To: Law Office of James J. Brady
Attorney(s) for Plaintiff

Dated,

Service of a copy of the within

is hereby admitted.

Attorney(s) for

---

NOTICE OF ENTRY

Sir:-Please take notice that the within is a *(certified)* true copy of a duly entered in the office of the clerk of the within named court on

Dated,

Yours, etc.,

SEDGWICK, DETERT, MORAN & ARNOLD LLP
*Attorney(s) for* Defendant

*Offices and Post Office Address*
125 BROAD STREET
NEW YORK, N.Y. 10004

To

Attorneys for

---

NOTICE OF SETTLEMENT

Sir:-Please take notice that an order of which the within is a true copy will be presented for settlement to the Hon.
one of the judges of the within named Court, at
on
at

Dated,

Yours, etc.,

SEDGWICK, DETERT, MORAN & ARNOLD LLP
*Attorney(s) for* Defendant

*Offices and Post Office Address*
125 BROAD STREET
NEW YORK, N.Y. 10004

To

Attorney(s) for

NY/498673v1